White, J.
There are only two questions in this case on which-tbe court deem it necessary to report its decision.
1. Whether tbe effect of the decree of the superior court, in Richter v. Schoenfeld was to bring tbe case within section seventeen of tbe act regulating tbe mode of administering assignments in trust for the benefit of creditors, as amended Eeb. 11, 1863 (S. & S. 397).
2. And if so, whether tbe order of tbe distribution of the proceeds of tbe sale of tbe property as determined by tbe superior court was conclusive upon tbe assignee and tbe probate court, in administering tbe trust.
*226 Both, questions, in our opinion, must be answered in tbe affirmative.
As to tbe first. Tbe finding and judgment of tbe superior court are not under review in tbis proceeding. That court bad jurisdiction of tbe subject matter and of tbe parties, and tbe correctness of tbe finding and judgment cannot here be questioned. While tbe judgment remains unrcversed it operates, between tbe parties, as a conclusive adjudication of all questions botb of law and fact determined by tbe court.
Tbe action-was brought by Richter under tbe seventeenth section of the act referred to, and tbe proceedings were conducted in accordance with its provisions.
By tbe judgment or decree of tbe superior court, the conveyance was adjudged to be of tbe character provided for in tbe section; and tbe proceeds of tbe sale were ordered to be distributed as required by it. Whether tbis adjudication was ©rroneous or not can make no difference. In either case it has tbe same effect in a collateral proceeding to carry it into execution.
In support of the errors assigned, reliance is placed on tbe decision in Shorton v. Woodrow (34 Ohio S. 645), where a similar judgment was reversed. But in that case tbe judgment was under review by a direct proceeding in error, and the court finding the judgment erroneous, reversed it. But in the present case, as already remarked, tbe judgment of tbe superior court is not under review on error. It comes in question collaterally; and tbe question is not whether it is erroneous, but what, is its effect as it stands.
As to tbe second question. Tbe probate court was not authorized to inquire into tbe merits of tbe order of tbe superior eourt, marshaling tbe liens upon tbe property or distributing tbe proceeds of tbe sale. The duty of tbe probate court was to see that tbe assignee administered tbe trust in accordance with tbe judgment of tbe superior court, and not to supervise tbe action of that court.
In regard to tbe claim of the plaintiffs in error that tbe appeal from tbe order of distribution of tbe probate court was not duly perfected, it is sufficient to say that tbe question now *227 raised was decided adversely to the claim of the plaintiffs, in Johnson v. Johnson, 31 Ohio St. 131.
But if it were, otherwise it would not change the result. For, by the proceeding in error the whole .record, including that of the probate court, is before the court, and it would be the duty of the court to reverse the orders of the probate court in so far as they conflicted with the judgment of the superior court.

Judgment affirmed.

Boynton, C. J., dissented as to the first question decided.
Okey, J., took no part in the decision of this case.